697 A.2d 574

IN THE MATTER OF THE SUSPENSION OR REVOCATION OF THE LICENSE OF JOHN JOSEPH NAPOLEON, D.O. LICENSE NO. 21233 TO PRACTICE MEDICINE AND SURGERY IN THE STATE OF NEW JERSEY.

Superior Court of New Jersey
Appellate Division

Argued January 29, 1997—Decided August 14, 1997.

Before Judges LONG, SKILLMAN and CUFF.

*Steven I. Kern* argued the cause for appellant John Joseph Napoleon, D.O. (*Kern, Augustine, Conroy & Schoppmann, P.C.*, attorneys; *Mr. Kern*, of counsel and on the brief; *Christopher W. Hager* on the brief).

*Jeffrey J. Miller*, Assistant Attorney General, argued the cause for respondent Attorney General of the State of New Jersey (*Peter Verniero*, Attorney General, attorney; *Mr. Miller*, of counsel and on the brief).

The opinion of the court was delivered by

CUFF, J.A.D.

In this appeal, we must decide whether appellant John Joseph Napoleon, a former employee of the State of New Jersey, is entitled to a defense and indemnification in proceedings commenced by the New Jersey State Board of Medical Examiners to revoke or suspend his license to practice medicine in this State. Upon the denial by the Attorney General of Napoleon's request for a defense and indemnification, petitioner filed this appeal. We affirm.

Napoleon served as the Medical Director at Bayside State Prison (Bayside) from 1985 until August 1992. He concurrently served, and still serves, as the Medical Director of the Cape May County Prison. On June 21, 1995, the Attorney General filed a

complaint with the State Board of Medical Examiners pursuant to *N.J.S.A.* 45:1–14 to –27. According to the complaint, Napoleon engaged in various acts of professional misconduct, gross malpractice, gross negligence, and gross incompetence, including acts which evidenced the intentional and deliberate infliction of unnecessary pain on inmates under his care at the Bayside and the Cape May facilities.

By letter dated July 11, 1995, Napoleon's attorney, Steven I. Kern, demanded that the Attorney General provide Napoleon with a defense pursuant to *N.J.S.A.* 59:10A–1 to –6 and indemnification pursuant to *N.J.S.A.* 59:10–1 to –2 for the proceedings before the State Board of Medical Examiners. The Attorney General denied this request. She stated that it would be inappropriate for the Attorney General to provide representation in a case which she had initiated before the professional board. Moreover, the nature of the allegations and the proceedings do not entitle Napoleon to a defense under either *N.J.S.A.* 59:10A–1 or –3 or to indemnification under *N.J.S.A.* 59:10–1.

*N.J.S.A.* 59:10A–1 provides that the Attorney General shall provide for a defense of any action brought against a present or former State employee on account of an act or omission which occurred in the scope of his employment. This duty to defend is not open-ended. *N.J.S.A.* 59:10A–2 provides three situations when the Attorney General may refuse to provide a defense:

The Attorney General may refuse to provide for the defense of an action referred to in section 1 [*N.J.S.A.* 59:10A–1] if he determines that:

a. the act or omission was not within the scope of employment; or

b. the act or the failure to act was because of actual fraud, willful misconduct or actual malice; or

c. the defense of the action or proceeding by the Attorney General would create a conflict of interest between the State and the employee or former employee.

This duty to defend is further delimited by the context in which the Legislature has conferred this duty on the Attorney General. The duty to defend arises in the context of actions filed in accordance with the New Jersey Tort Claims Act, *N.J.S.A.* 59:1–1 to 13–10; that is, the Attorney General has a duty to

defend present and former State employees only for tortious acts. In *Helduser v. Kimmelman*, 191 *N.J.Super.* 493, 507, 467 *A.*2d 1094 (App.Div.1983), we held that the indemnification provisions of the Tort Claims Act only applied to "civil actions for damages based upon an employee's tortious conduct." We find no reason to differentiate between the duty to indemnify and the duty to provide a defense.

The action initiated by the Board of Medical Examiners is not a civil action for damages. It is a disciplinary hearing commenced by the licensing authority which oversees the professional conduct of persons who practice medicine in New Jersey. While most of the treatment which is the subject of the administrative charges stems from Napoleon's treatment of inmates at a State correctional facility,[1] the Board of Medical Examiners is not examining his proficiency as a medical director but his competency to practice medicine and conformity to basic principles governing a person licensed to practice medicine in this State.

Napoleon argues that the Attorney General's prior representation of him in a federal civil rights action requires representation in this proceeding. The provision of a defense by the Attorney General in a federal civil rights action is not determinative of the issue of provision of a defense in an administrative disciplinary hearing by the State licensing body. The federal civil rights action was a civil action seeking damages for tortious conduct. This is not.

Moreover, the Attorney General correctly decided that the provision of a defense would create a conflict of interest. The Attorney General has many responsibilities, one of which is to provide legal representation to the Governor and all State agencies. The Attorney General also has many functions of an executive nature, including establishing and maintaining standards for the practice of medicine in this State. It is in this capacity that

---

[1] Two of the counts of the administrative complaint involve patients at the Cape May Prison, which is not a State facility.

the Attorney General, through the Board of Medical Examiners, has commenced this action. There is an inevitable conflict of interest in this situation between the Attorney General and Napoleon.

We also observe that a review of the administrative complaint reveals that the claims against Napoleon are couched in terms of willful misconduct, not inadvertent or even negligent conduct. Pursuant to *N.J.S.A.* 59:10A–2b, the Attorney General may refuse to defend in such cases.

Napoleon also argues that he is entitled to representation pursuant to *N.J.S.A.* 59:10A–3 which reposes discretionary authority on the Attorney General to provide representation to present and former State employees in actions other than a civil action for damages for tortious conduct. *Helduser, supra,* 191 *N.J.Super.* at 507–08, 467 *A.*2d 1094. As a discretionary act, Napoleon has a heavy burden to overcome the presumption that there has been no abuse of that discretion by the Attorney General. *Ibid.* We are satisfied that the Attorney General cannot be faulted for this decision.

We also reject Napoleon's argument that he is entitled to indemnification pursuant to *N.J.S.A.* 59:10–2. This provision only applies to indemnification for damages awarded in a civil action for tortious conduct. *Helduser, supra,* 191 *N.J.Super.* at 507, 467 *A.*2d 1094. Moreover, unless the present or former State employee demonstrates that he was entitled to a defense under *N.J.S.A.* 59:10A–1 to –3, he is not entitled to indemnification.

Affirmed.